UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

NEWARK VICINAGE

NOT FOR PUBLICATION

| | | |
|---|---|---|
| Emmanuelle Cortez, | : | |
| | : | CIVIL NO. 13cv3800(SRC) |
| Plaintiff, | : | |
| | : | |
| | : | OPINION |
| v. | : | |
| | : | |
| | : | |
| Jeffrey S. Chiesa and | : | |
| Mark Singer, | : | |
| | : | |
| Defendants, | : | |

Plaintiff is a civilly committed detainee under New Jersey's Sexually Violent Predator Act, confined at East Jersey State Prison, Ad-Seg Unit, S.T.U. (Compl., ECF No. 1.)[1] The Court will grant Plaintiff's application to proceed without prepayment of fees, under 28 U.S.C. § 1915. (ECF No. 3.) This case is now subject to preliminary review by the Court pursuant to § 1915(e)(2)(B).

---

[1] The Court construes as a complaint under 42 U.S.C. § 1983 the petitioner's "Notice of Motion" and subsequent letters to the Court requesting relief based on his conditions of confinement. (ECF No. 1, 1-1, 1-2, and 1-3.)

1

When a person is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the statute requires the court to "dismiss the case at any time if the court determines that" the action is frivolous or malicious; the action fails to state a claim upon which relief may be granted; or the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. THE COMPLAINT

Plaintiff's complaint, submitted primarily in letter format, states that he wants to be transferred to a better staffed facility that respects his achievements in treatment. (ECF 1-2 at 1.) Plaintiff complains that he has been committed as a sexually violent predator for twelve years without release, and he believes his group therapists should be allowed to testify in his annual review, rather than a psychiatrist who has only met with him for five minutes. (*Id.* at 2.)

Plaintiff also complains that the D.O.C. cancels group sessions, and their policies cause the treatment facility to feel like severe punishment. (*Id.* at 3.) Plaintiff fears he will be the next resident who is "jumped" by correctional officers and then "over-looked" by D.H.S. staff. (*Id.*) Plaintiff alleges the DHS staff constantly fail to protect residents from physical abuse by D.O.C. correction officers, and cites three instances

2

corrections officers jumped and injured other residents. (*Id.* at 4.)

Plaintiff complains of being under dual standards of the D.O.C. policies under 10:A of the New Jersey Administrative Code, and D.H.S. policies under N.J. Title 30:4-27.24 *et seq.* Plaintiff alleges he has completed all modules of treatment, but this is being overlooked by D.O.C. and D.H.S. (Id. at 4.) Plaintiff also alleges his mail is not sent directly to him to hide the fact that he is civilly committed in a prison facility. (Id. at 5.) Plaintiff alleged "the application of the Civil Commitment Act is so punitive it negates the intent of the Act." (Id. at 7.) Plaintiff requested transfer to a federally funded facility. (ECF 1-3 at 1.)

## II.     STANDARD FOR SUA SPONTE DISMISSAL

Plaintiff is proceeding *in forma pauperis* in this civil action. Therefore, this Court must review the complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must liberally construe the complaint in Plaintiff's favor because he is proceeding pro se. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must

3

also "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In Ashcroft v. Iqbal, the Supreme Court revisited the standard for summary dismissal of a complaint that fails to state a claim upon which relief may be granted. 556 U.S. 662 (2009). The Court examined the pleading standard under Federal Rule of Civil Procedure 8(a)(2), noting that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 677. However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A complaint must be dismissed for failure to state a claim if it does not state a plausible claim for relief. Id. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citations omitted). "When there are well-pleaded factual

4

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Finally, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002).

**III. 42 U.S.C. § 1983**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

To state a claim for relief under § 1983, a plaintiff must allege two things; first, the violation of a right secured by the Constitution or laws of the United States; and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

5

**IV. THE NEW JERSEY SEXUALLY VIOLENT PREDATOR ACT**

Plaintiff is civilly committed under the New Jersey Sexually Violent Predator Act ("SVPA"). (ECF No. 1, Compl.) The New Jersey SVPA provides for the custody, care and treatment of involuntarily committed persons who are deemed to be sexually violent predators ("SVP"). N.J.S.A. 30:4-27.24 et seq. The facilities designated for SVPS are operated by the New Jersey Department of Corrections ("DOC"). N.J.S.A. 30:4-27.34(a). The New Jersey Department of Human Services ("DHS") provides for their treatment. N.J.S.A. 30:4-27.34(b).

In passing the SVPA, the New Jersey Legislature made specific findings regarding SVPs. N.J.S.A. 30:4-27.25. The Legislature noted that it was necessary to modify the previous civil commitment framework and additionally separate SVPs from other persons who have been civilly committed. Id. The SVPA defines a SVP as:

> a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.

N.J.S.A. 30:4-27.26(b).

The SVPA was amended in 2003, requiring that regulations be promulgated jointly by the D.O.C. and the D.H.S., in consultation with of the Attorney General, taking "into consideration the rights of the patients as set forth in section ten of P.L.1965, c. 59 (C. 30:4-24.2) ... [to] specifically address the differing needs and specific characteristics of, and treatment protocols related to, sexually violent predators." N.J.S.A. 30:4-27.34(d). Those persons committed under the SVPA shall receive annual review hearings. N.J.S.A. 30:4-27.35. A SVP may be released from involuntary civil commitment upon recommendation of the DHS or by the SVP's own petition for discharge. N.J.S.A. 30:4-27.36.

**V.   ANALYSIS**

    **A.   Insufficient Factual Allegations**

First, Plaintiff's complaint is insufficient because he has failed to allege how the two defendants are personally involved in any alleged constitutional violation. See Wood v. Williams, (finding complaint deficient in alleging failure to train or supervise where "complaint did not allege facts showing any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations.")

7

Second, several of Plaintiff's claims are insufficient because he does not allege how he was personally injured by the alleged unconstitutional conduct or that a direct injury was imminent. See Goode v. Gioria, 590 F. App'x. 120, 121-22 (3d Cir. 2014)(dismissing complaint for lack of case or controversy that "raise[d] concerns about the potential injuries that might arise from various procedures at the institution, but fail[ed] to allege that any actual injuries have occurred or are imminent.") Although Plaintiff alleged several other residents had been jumped by D.O.C. officers, he did not allege facts to indicate why he believed his own attack by D.O.C. officers was imminent.

Plaintiff also makes general allegations that his treatment and the annual review process concerning his release are inadequate. Although these may be viable claims under the Fourteenth Amendment Due Process Clause, Plaintiff's claims are conclusory. In order to state a claim for relief, Petitioner needs to provide more factual detail about his own treatment and reviews. Typically, a Section 1983 claim should involve a short statement factually describing by whom, what, where, when and how the Plaintiff's constitutional rights were violated. See Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012)("Because

8

vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")

### B. Application of Prison Policies to SVPs

Plaintiff generally alleges that application of prison policies to civilly committed sexually violent predators violates his constitutional rights because he is not a prisoner who is subject to punishment. Plaintiff's allegations are addressed under the Fourteenth Amendment's Due Process Clause. "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngherg v. Romeo, 457 U.S. 307, 321-22 (1982). In general, civilly committed persons may not be subjected to conditions that amount to punishment, Bell v. Wolfish, 441 U.S. 520, 536 (1979); within the bounds of professional discretion, Youngberg, 457 U.S. at 321-22.

A civilly committed person's constitutional rights must be balanced against the reasons put forth by the State for restricting their liberties. Id. at 320. Moreover, "due process requires that the conditions and duration of confinement bear

9

some reasonable relation to the purpose for which persons are committed." Seling v. Young, 531 U.S. 250, 265 (2001).

Under the New Jersey SVPA, SVPs are confined "in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26(b). Thus, treatment is not the sole purpose of confinement and not the sole consideration in the constitutional analysis.

> The role of the DOC in providing the housing for individuals committed under the Act does not necessarily establish a punitive statute. [The petitioner's] assertion of secure prison-like conditions is not the clear proof that the statutory scheme is so punitive as to render it a criminal statute. The intent and legislative purpose of the Act, admittedly a dual purpose, secure confinement and treatment does not render the SVPA unconstitutionally punitive per se.

In the matter of the civil commitment of J.H.M., 367 N.J. Super. 599, 609 (N.J. Super. App. Div. Dec. 9, 2003).

A general allegation that an SVP cannot be subjected to a policy of the Department of Corrections because SVPs are not prisoners subject to punishment necessarily fails, because the Department of Corrections plays a role in the dual purpose of the New Jersey Act, secure confinement and treatment of SVPs. "Placement in a prison, subject to the institution's usual rules of conduct" does not, of itself, constitute punishment. Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003)(citing Bell, 441

10

U.S. 520). "If pretrial detainees may be subjected to the ordinary conditions of confinement, as Wolfish holds, then so may persons detained before trial as sexually dangerous persons." Id. "Plaintiffs do not assert that their situation is worse in any material way than the situation in which ordinary pretrial detainees find themselves." Id.

If a particular D.O.C. policy bears some reasonable relation to providing for control over an SVP in a secure facility, the policy will withstand a constitutional challenge. See Seling, 531 U.S. at 265 (due process required that conditions and duration of confinement under state civil law bear some reasonable relation to the purpose for which persons are committed.) Petitioner has not asserted a particular provision under N.J.A.C. 10:A that bears no reasonable relation to providing control over SVPs in a secure facility. Thus, such claims will be dismissed without prejudice.

For the reasons stated above, the Complaint fails to state any valid claim for relief, and it will be dismissed without prejudice.

_____
STANLEY R. CHESLER
United States District Judge

Dated: April 28, 2015

11